Daniel, J.
 

 The bill states that Richard Eskridge, by his will bequeathed several slaves to his wife for life, remain
 
 *55
 
 der to his daughter 'Martha; that Martha married Thomas Lipscombe, and died, in the lifetime of her mother, the ten ant for life; that subsequently the tenant for. life died; that William Eskridge administered on the estate of Martha. Lipscombe, and sold the slaves; that Lipscombe, the husband, assigned by deed to the plaintiff all his equitable interest in the estate of his late wife in the hand's of her administrator for the sum of $1000. The bill is filed by the assignee against the assignor and the administrator of his late wife Martha, for an account. The bill is taken
 
 pro covfesso
 
 as to the defendant Lipscombe. The administrator answers and insists,
 
 First.,
 
 thattheestate in his hands belongs to the brothers and sisters of the intestate, as her next of kin;
 
 Secondly,
 
 that the assignment was not
 
 Iona fide,
 
 and for a valuable consideration, but was affected with champerty;
 
 Thirdly,
 
 that a portion of the money, for which the slaves were sold, is covered by a decree for alimony, obtained by,the present wife of Lipscombe, against her husband, and to which himself as administrator and Hoppiss, the present plaintiff, were parties.
 

 First,
 
 the principle is welt settled, that the statute of distributions does not apply to the estates of
 
 femes
 
 coverts, that shall die intestate; but that the husbands may administer and recover and enjoy the same, as they might have done before the making of the statute. If any other person administers, such administrator will be considered in equity, with respect to’the residue, after paying the debts, as a trustee for the husband or his representatives. For, the husband surviving the wife, her whole estate vests in him at the time of her death, and no person can possibly be entitled to the rights, of the wife but himself, so that her whole personal property belongs to him. 3 Atk. 527. Williamson Ex’ors. 910.
 

 Secondly,
 
 a person, out of possession, cannot
 
 at lato
 
 convey any thing to a stranger; he can only give a release to one in possession.
 
 Underwood
 
 v
 
 Lord Courstown,
 
 2 Scho. & Lefr. 65. But, in equity,
 
 dioses in action
 
 are assignable for a valuable consideration arid
 
 bona fide
 
 — Townsend v
 
 Windham, 2
 
 Ves. 6;
 
 Whitfield
 
 v
 
 Faucett,
 
 1 Ves. 332, 391 —and especially equitable
 
 dioses in action,
 
 as in this case; and such assignment is supported in equity on the ground
 
 *56
 
 that it is an agreement, by which the assignor is bound to /give to the assignee the benefit of that, which he has assign-e& It is by agreement, in most cases of
 
 dioses in action,
 
 the assignee takes. The covenant of the assignor is, in Court, a disposition of the thing assigned that could be enforced against him. Upon principle, therefore, the right oí the assignee of a
 
 chose in action
 
 is derived from his right ,to call upon the assignor for a specific performance of the agreement between them. He is entitled to whatever interest the assignor himself possesses, or is capable of procuring-. 6 Ves. 394. 2 Roper on Hus. & Wife 510. While we make these remarks, it may be proper to state, that the rule does not extend to lands. For every grant of land, except as a release, is void as ah act of maintenance, if at the time the lands are in the actual possession of another person, claiming under a title adverse to that of the grantor. Such assignments were offences in England, both by the common law and under the statutes. 4 Kent’s Com. (3d edit.) 446 to 450. And all agreements, tainted with maintenance or champerty, are void in equity as well as at law.
 
 Wallis
 
 v
 
 Duke of Portland,
 
 3 Ves. 494.
 
 Powell
 
 v
 
 Knowler, 2
 
 Atk. 224.
 
 Stephens
 
 v
 
 Bagwell,
 
 15 Ves. 139. Wood v
 
 Downs,
 
 18 Ves. 120.
 
 Harrington
 
 v
 
 Long,
 
 2 Mylne & Keen, 590. Champerty consists in the unlawful maintenance of a suit, in consideration of a bargain for part of the thing, or some profit out of it. But in this case, the deed of assignment to the plaintiff appears on its face to be absolute, and for the consideration of ijjjlOOO; the proof is that the plaintiff gave that sum, and there is no evidence of champerty offered by the defendants. The assignor is made a defendant, and he suffers the bill to be taken
 
 pro confesso;
 
 which, we think, is in this case an admission that tiie assignment was made as slated in the bill, or, at least, precludes the other defendant from raising the objection. The defendant acknowledges a balance in his hands, belonging to the estate of his intestate, of $1480 10. Under all the evidence in the case, we are of the opinion that the plaintiff is entitled to a decree for that sum, and also to a decree for an account, if he wishes it.
 

 
 *57
 
 As to the sum claimed to be deducted to satisfy the decree for alimony to the present wife of the defendant Lips-combe, there is no evidence of it filed with the papers in the case. If an account is to be taken, it will be time enough to offer it before the master.
 

 Per Curiam, Decree for the plaintiff.